IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DAVID CLARENCE DAVIS,

    Plaintiff

vs.

HILTON HALL, MR. PERRY,
MR. HILL, COUNSELOR COLEMAN,
MR. HARPER,
LIEUTENANT CHATMAN,
LIEUTENANT MELVIN,
CAPTAIN IVEY, MS. SPIKES,
DR. DAVIS, NURSE BRAGG,
NURSE PARKER, DR. BLANCHARD,
NURSE MACKEY, CORRECTIONAL
OFFICER FREEMAN, CORRECTIONAL
OFFICER ROBINSON, AUGUSTA
MEDICAL COLLEGE MEDICAL
DIRECTOR,

    Defendants

NO. 5:05-CV-179(DF)

PROCEEDINGS UNDER 42 U.S.C. § 1983
BEFORE THE U.S. MAGISTRATE JUDGE

## RECOMMENDATION

Plaintiff **DAVID CLARENCE DAVIS** commenced the above-captioned *pro se* civil rights action by filing a **MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY ORDER**. However, plaintiff failed to either pay the $250.00 filing fee or submit a properly signed application, pursuant to 28 U.S.C. § 1915, to proceed without prepayment of the $250.00 filing fee or security therefor. In addition, plaintiff failed to utilize the correct forms required to initiate proceedings in this court under 42 U.S.C. §1983.

Therefore, on October 4, 2005, the undersigned directed the Clerk of court to provide the necessary forms to plaintiff DAVIS and further directed plaintiff to either pay the required $250.00 filing fee or submit a request to proceed *in forma pauperis* because of his financial inability to pay the filing fee. A review of the file reveals that the court's order and these forms were forwarded to

plaintiff DAVIS at the address he had given the court when he filed his **MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY ORDER,** to wit: Macon State Prison, P. O. Box 426, Oglethorpe, Ga 31068.  Further review of the file shows that plaintiff DAVIS had been transferred to another prison, Autry State Prison in Pelham, Georgia, subsequent to submitting his lawsuit for filing.  However, there is no indication that plaintiff informed the Clerk's Office of his change of address.  For that reason, the undersigned assumes that the court's order and the forms sent to plaintiff at the Macon State Prison address never reached him.

Plaintiff has complained about lack of action in his lawsuit.  It appears that any lack of action can be attributed to plaintiff's failure to advise the court of his change of address.  Deputy Clerks are not responsible for reviewing in detail each pleading submitted by parties to lawsuits filed in this court.  Those who file lawsuits ARE responsible for keeping the court advised of changes in their address, and if they fail to do so, are responsible for the consequences of their inaction.

Under the foregoing circumstances, it is clear that plaintiff has not paid the required $250.00 file or requested that he be permitted to proceed without prior payment of that filing fee.  Normally, before proceeding further, the court would require plaintiff DAVIS to comply with the court's order requiring him to pay the filing fee or request permission to proceed without prior payment <u>and</u> to refile his lawsuit using the proper forms.  However, in the present case, it is apparent that plaintiff is no longer at Macon State Prison about which he complains in his motion and against whose personnel he seeks injunctive relief. It is equally clear that the law does not and cannot permit his lawsuit as filed to proceed since the only relief sought by him in injunctive relief.  *McKinnon v. Talladega County, Ala.*, 745 F.2d 1360 (11th Cir. 1984).  This court cannot grant injunctive relief against those at Macon State Prison once plaintiff has been transferred from that facility.[1]

---

[1] The same is true insofar as any personnel at the Augusta Medical facility are concerned since plaintiff is not incarcerated at that facility.

Accordingly, IT IS RECOMMENDED that plaintiff's motion for preliminary injunction/temporary restraining order (Tab #2) be DENIED and that the within proceeding be DISMISSED prior to service upon any of those named as defendants. IT IS FURTHER RECOMMENDED that in light of this disposition, his motions seeking to appeal (Tabs #12 and #13) also be DENIED as being prematurely filed.

Pursuant to 28 U.S.C. §636(b)(1), the plaintiff may file written objections to this RECOMMENDATION with the Clerk of court directed to the district judge assigned to this case, **WITHIN TEN (10) DAYS** after being served with a copy thereof.

The undersigned notes that the allegations submitted by plaintiff are serious ones. If plaintiff believes that his civil rights are being denied him at Autry State Prison, he is certainly free to submit his complaint in this court. However, he should insure that he utilize the proper forms and that he either pay the required $250.00 filing fee or request permission to proceed without prior payment of that fee.

SO RECOMMENDED, this 24th day of JANUARY, 2006.[2]



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2]This recommendation is one of dismissal *without prejudice*. In the event plaintiff should be transferred back to Macon State Prison and be denied his civil rights, he would be free to seek injunctive relief.